**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JANE DOE and JOHN DOE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GREATER BETTER HEALTH, INC., d/b/a BERRY STREET HEALTH, INC.,

Defendant.

Case No. 8:26-cv-01037-VMC-CPT

## DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

Defendant Greater Better Health, Inc., d/b/a Berry Street Health, Inc. ("Berry Street Health") answers the Complaint – Class Action ("Complaint") of Plaintiffs Jane Doe and John Doe ("Plaintiffs"), as follows:

## GENERAL RESPONSE

Except as expressly admitted herein, Berry Street Health denies the allegations set forth in the Complaint. Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the Complaint. To the extent allegations in a numbered paragraph of the Complaint purport to cite to, refer to, or characterize allegations in other paragraphs of the Complaint, Berry Street Health incorporates and reasserts each such paragraph as if set forth fully therein. To the extent the paragraphs

in the Complaint are grouped under headings and sub-headings, Berry Street Health responds generally that such headings and sub-headings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required. To the extent a response is necessary, Berry Street Health denies each heading and sub-heading in the Complaint and incorporates by reference this response in each paragraph below as if fully set forth therein.

Plaintiffs' use of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), and no response is required to the footnotes. To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below. By not responding to the non-compliant footnotes throughout the Complaint, Berry Street Health does not admit to or otherwise acknowledge the truth of any of those footnotes or materials to which they refer.

## I. NATURE OF THE ACTION[1]

1. Berry Street Health admits that https://www.berrystreet.co/ ("the Website") connects customers with licensed dieticians, among other things. Berry Street Health denies the remaining allegations contained in Paragraph 1.

[1] Defendants include the headings as listed in the Complaint without any admission as to the accuracy or appropriateness of the headings.

2. Berry Street Health denies the allegations in Paragraph 2.

3. Berry Street Health admits that certain mental and physical health information can be considered sensitive information. Berry Street Health denies the remaining allegations in Paragraph 3.

4. The allegations in Paragraph 4 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

5. The allegations in Paragraph 5 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

6. Berry Street Health admits that, at times, it has used the Meta Pixel on the Website. The remaining allegations in Paragraph 6 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

7. Berry Street Health denies the allegations in Paragraph 7.

8. Berry Street Health admits that Plaintiffs' Complaint purports to assert causes of action under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511—unauthorized interception, use, and disclosure; (2) negligence and negligence per se; (3) breach of fiduciary duty; (4) breach of confidence; (5) breach of implied contract; (6) unjust enrichment; (7) invasion of privacy; (8) violations of the Florida Security of Communications Act, Fla.

Stat. § 934.01, et seq.; and (9) violations of the California Invasion of Privacy Act, Cal. Penal Code §§ 630, et seq. Berry Street Health otherwise denies the allegations contained in Paragraph 8.

## II. PARTIES

### A. Plaintiff Jane Doe

9. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

10. Berry Street Health denies that it is a healthcare provider or has ever represented itself as a healthcare provider. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies them.

11. Berry Street Health lacks information to form a belief as to the truth or falsity of the allegations in Paragraph 11 regarding Plaintiff's conduct and therefore denies them.

12. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies them.

13. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies them.

14. The allegations in Paragraph 14 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

**B. Plaintiff John Doe**

15. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies them.

16. Berry Street Health denies that it is a healthcare provider or has ever represented itself as a healthcare provider. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies them.

17. Berry Street Health lacks information to form a belief as to the truth or falsity of the allegations in Paragraph 17 regarding Plaintiff's conduct and therefore denies them.

18. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies them.

19. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies them.

20. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies them.

21. The allegations in Paragraph 21 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

**C. Defendant Greater Better Health, Inc.**

22. Berry Street Health admits the allegations in Paragraph 22.

23. Berry Street Health denies that it provides medical services or has ever represented itself as providing medical services. The remaining allegations in Paragraph 23 cite a web page which is the best evidence of its contents. Berry Street Health denies the allegations in Paragraph 23 to the extent they differ from the contents of the page.

24. The allegations in Paragraph 24 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

25. The allegations in Paragraph 25 and footnote 4 purport to characterize a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 25 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 25 consist of conclusions of law to which no response

is required. To the extent a response is required, Berry Street Health denies them.

26. The allegations in Paragraph 26 and footnote 5 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 26 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 26 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

## III. JURISDICTION AND VENUE

27. The allegations in Paragraph 27 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

28. The allegations in Paragraph 28 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

29. The allegations in Paragraph 29 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

30. The allegations in Paragraph 30 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

31. Berry Street Health admits that it provides services to Florida residents. Berry Street Health otherwise denies the allegations contained in Paragraph 31.

32. Berry Street Health admits that, among other things, the Website connects individuals with registered dietician nutritionists in Florida, including in the Tampa area. Berry Street Health denies the remaining allegations in Paragraph 32.

33. The allegations in Paragraph 33 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

## IV. FACTUAL ALLEGATIONS

### A. Background: Underlying Technology Employed by Defendant for the Purpose of Disclosing Plaintiffs' and Class Members' Private Information

34. Berry Street Health denies the allegations in Paragraph 34.

35. Berry Street Health admits that, at times, it has used the Meta Pixel on the Website. Berry Street Health otherwise denies the allegations contained in Paragraph 35.

36. Berry Street Health admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can include in their websites. Berry Street Health lacks sufficient information to form a belief as

to the truth or falsity of the remaining allegations in Paragraph 36 and therefore denies them.

37. Berry Street Health admits that, at times, it has used the Meta Pixel on the Website. Berry Street Health admits that, at times, it used the Meta Pixel for advertising purposes. Berry Street Health otherwise denies the allegations contained in Paragraph 37.

38. Berry Street Health denies the allegations in Paragraph 38.

39. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore denies them.

40. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore denies them.

41. The allegations in Paragraph 41 and footnote 6 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 41 to the extent the allegations differ from the contents of the page. Berry Street Health denies the remaining allegations in Paragraph 41.

42. The allegations in Paragraph 42 and footnote 7 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 42 to the extent the

allegations differ from the contents of the page. The remaining allegations in Paragraph 42 consist of conclusions of law to which no response is required.

43. Berry Street Health admits that, at times, it has used the Meta Pixel on the Website. Berry Street Health denies the allegations in Paragraph 43.

**i. Defendant's Methods of Transmitting Plaintiffs' and Class Members' Private Information via the Tracking Pixels i.e., the Interplay between HTTP Requests and Responses, Source Code, and the Pixel**

44. Berry Street Health admits that web browsers are software applications that allow consumers to navigate the internet and view and exchange electronic information and communications. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44, and therefore denies them.

45. Berry Street Health denies the allegations in Paragraph 45.

46. Berry Street Health admits that HTTP/HTTPS Requests and HTTP/HTTPS Responses are two forms of interactions on the internet. Berry Street Health denies the remaining allegations in Paragraph 46.

47. Berry Street Health admits that its web servers respond to an HTTP Request with code and assets that the user's browser can render on screen. Berry Street Health denies the remaining allegations in Paragraph 47.

48. Berry Street Health denies the allegations in Paragraph 48.

49. Berry Street Health denies the allegations in Paragraph 49.

50. Berry Street Health denies the allegations in Paragraph 50.

51. Berry Street Health admits that it has used the Meta Pixel on the Website at times. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity about the practices of third parties and on that basis denies the remaining allegations in Paragraph 51.

52. Berry Street Health denies the allegations in Paragraph 52.

53. Berry Street Health denies the allegations in Paragraph 53.

54. Berry Street Health admits that it has used the Meta Pixel on the Website at times. Berry Street Health denies the remaining allegations in Paragraph 54.

55. Berry Street Health admits that clicking the "Start Today" button yields an HTTP Request to Berry Street Health's web servers and that if the servers receive such a request, they will respond with an HTTP Response. Berry Street Health denies the remaining allegations in Paragraph 55.

56. Berry Street Health denies the allegations in Paragraph 56.

57. Berry Street Health admits that it has used the Meta Pixel on the Website at times. Berry Street Health denies the allegations in Paragraph 57.

58. Berry Street Health denies the allegations in Paragraph 58.

59. Berry Street Health denies the allegations in Paragraph 59.

60. Berry Street Health denies the allegations in Paragraph 60.

61. Berry Street Health denies the allegations in Paragraph 61.

**ii. Button Click Events**

62. Berry Street Health denies the allegations in Paragraph 62.

63. Berry Street Health denies the allegations in Paragraph 63.

64. Berry Street Health denies the allegations in Paragraph 64.

65. Berry Street Health admits that when a visitor schedules an appointment with a dietician, the visitor may identify reasons for the user's visit that include weight management, kidney disease and cancer. Berry Street Health denies the remaining allegations in Paragraph 65.

66. Berry Street Health denies the allegations in Paragraph 66.

67. Berry Street Health denies that button-click interaction data has caused any harm. Berry Street Health denies the remaining allegations in Paragraph 67.

68. Berry Street Health denies the allegations in Paragraph 68.

69. Berry Street Health admits that users must select the main reason(s) for their visit to schedule an appointment. The allegations in Paragraph 69 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 69 to the extent the allegations differ from the contents of the page. Berry Street Health denies the remaining allegations in Paragraph 69.

70. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 70, including the source of Figures numbered 1, 3, 4, and 5, which are presented without context, and therefore denies them.

71. Berry Street Health denies the allegations in Paragraph 71.

72. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 72 and therefore denies them.

73. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 73 and therefore denies them.

74. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 74 and therefore denies them.

75. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 75 and therefore denies them.

76. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 76 and therefore denies them.

77. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore denies them.

78. The allegations in Paragraph 78 and footnote 11 purport to quote from documents that are the best evidence of their contents. Berry Street Health denies the characterization of those documents in Paragraph 78 to the extent the allegations differ from the contents of the page. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78 and therefore denies them.

79. The allegations in Paragraph 79 and footnotes 12-13 purport to quote from documents that are the best evidence of their contents. Berry Street Health denies the characterization of those documents in Paragraph 79 to the extent the allegations differ from the contents of the page. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79 and therefore denies them.

80. Berry Street Health admits that website operators can choose on which pages to implement web pixels. Berry Street Health denies the remaining allegations in Paragraph 80.

81. Berry Street Health admits that, at times, it has used the Meta Pixel on the Website, including for advertising purposes. Berry Street Health denies the remaining allegations in Paragraph 81.

82. Berry Street Health denies the allegations in Paragraph 82.

83. Berry Street Health denies the allegations in Paragraph 83.

84. Berry Street Health denies the allegations in Paragraph 84.

**B. Defendant Acted to Purposefully Violate HIPAA When It Disclosed Plaintiffs' and Class Members' Private information to Meta using the Pixel.**

85. Berry Street Health admits that, at times, it has used the Meta Pixel on the Website. Berry Street Health denies the remaining allegations in Paragraph 85.

86. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 86 and therefore denies them.

87. Berry Street Health admits that the Meta Pixel allows it to advertise its services. Berry Street Health denies the remaining allegations in Paragraph 87.

88. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 88 and therefore denies them.

89. Berry Street Health denies the allegations in Paragraph 89.

90. The allegations in Paragraph 90 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

91. The allegations in Paragraph 91 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

92. The allegations in Paragraph 92 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

93. The allegations in Paragraph 93 and footnote 14 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 93 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 93 consist of conclusions of law to which no response is required.

94. Berry Street Health denies the allegations in Paragraph 94.

95. Berry Street Health denies the allegations in Paragraph 95.

96. Berry Street Health denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

98. Berry Street Health denies the allegations in Paragraph 98.

99. Berry Street Health denies the allegations in Paragraph 99.

100. Berry Street Health denies the allegations in Paragraph 100.

101. Berry Street Health denies the allegations in Paragraph 101.

102. Berry Street Health denies that it has violated Plaintiffs' or putative Class Members' privacy rights in any way. The remaining allegations in Paragraph 102 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

103. Berry Street Health denies the allegations in Paragraph 103.

104. Berry Street Health denies the allegations in Paragraph 104.

105. Berry Street Health denies the allegations in Paragraph 105.

106. The allegations in Paragraph 106 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

107. The allegations in Paragraph 107 and footnote 15 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 107 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 107 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

108. The allegations in Paragraph 108 and footnote 16 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 108 to the extent the allegations differ from the contents of the page. The remaining allegations

in Paragraph 108 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

109. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 109 and therefore denies them.

110. The allegations in Paragraph 110 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 110 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 110 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

111. Berry Street Health denies the allegations in Paragraph 111.

**i. Plaintiff Jane Doe's Experience**

112. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 112 and therefore denies them.

113. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 113 and therefore denies them.

114. Berry Street Health denies the allegations in Paragraph 114.

115. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 115 and therefore denies them.

**ii. Plaintiff John Doe's Experience**

116. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 116 and therefore denies them.

117. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 117 and therefore denies them.

118. Berry Street Health denies the allegations in Paragraph 118.

119. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 119 and therefore denies them.

**iii. Defendant Violated Industry Standards**

120. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 120 and therefore denies them.

121. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 121 and therefore denies them.

122. The allegations in Paragraph 122 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 122 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 122 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

123. The allegations in Paragraph 123 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 123 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 123 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

124. The allegations in Paragraph 124 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 124 to the extent the allegations differ from the contents of the page. The remaining allegations in Paragraph 124 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

#### iv. Plaintiffs' and Class Members' Expectation of Privacy

125. Berry Street Health denies the allegations in Paragraph 125.

126. Berry Street Health denies the allegations in Paragraph 126.

**v. IP Addresses, Cookies, and Device Identifiers, in this context, are Individually Identifiable Health Information**

127. The allegations in Paragraph 127 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

128. Berry Street Health denies the allegations in Paragraph 128.

129. Berry Street Health admits that an IP address is a number assigned to a device connected to the internet at one point in time.

130. Berry Street Health admits that IP addresses may be used to identify devices on the internet and route data on the internet.

131. Berry Street Health admits that IP addresses of individual internet users may be used by providers, website operators, and third-party tracking companies to facilitate and track interactions on the internet.

132. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 132 and therefore denies them.

133. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 133 and therefore denies them.

134. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 134 and therefore denies them.

135. Berry Street Health denies the allegations in Paragraph 135.

136. The allegations in Paragraph 136 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

**vi. Defendant was Enriched and Benefitted from the Use of the Pixel and Unauthorized Disclosures.**

137. Berry Street Health denies the allegations in Paragraph 137.

138. Berry Street Health admits that it has used the Meta Pixel at times for re-targeting. Berry Street Health denies the remaining allegations in Paragraph 138.

139. Berry Street Health denies the allegations in Paragraph 139.

**vii. Plaintiffs' and Class Members' Private Information Had Financial Value.**

140. Berry Street Health denies the allegations in Paragraph 140.

141. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 141 and therefore denies them.

142. The allegations in Paragraph 142 and footnote 17 purport to describe documents that are the best evidence of their contents. Berry Street

Health denies the characterization of that document in Paragraph 142 to the extent the allegations differ from the contents of the page. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 142 and therefore denies them.

143. The allegations in Paragraph 143 and footnote 18 purport to quote from a document that is the best evidence of its contents. Berry Street Health denies the characterization of that document in Paragraph 143 to the extent the allegations differ from the contents of the page. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 143 and therefore denies them.

144. The allegations in Paragraph 144 and footnote 19 purport to cite documents that are the best evidence of their contents. Berry Street Health denies the characterization of that document in Paragraph 144 to the extent the allegations differ from the contents of the page. Berry Street Health lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 144 and therefore denies them.

**TOLLING**

145. The allegations in sentence one of Paragraph 145 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them. Berry Street Health denies the remaining allegations in Paragraph 145.

## CLASS ACTION ALLEGATIONS

146. Berry Street Health admits that Plaintiffs filed the Complaint as putative class representatives. Berry Street Health denies that class certification is appropriate for this case.

147. Berry Street Health admits that Plaintiffs purport to represent the members of the purported class defined in Paragraph 147. Berry Street Health denies that class certification is appropriate for this case.

148. Berry Street Health admits that Plaintiff Jane Doe purports to represent the members of the purported subclass defined in Paragraph 148. Berry Street Health denies that class certification is appropriate for this case.

149. Berry Street Health admits that Plaintiff John Doe purports to represent the members of the purported subclass defined in Paragraph 149. Berry Street Health denies that class certification is appropriate for this case.

150. Berry Street Health admits Plaintiffs seek to exclude certain individuals and entities from the proposed class definitions. Berry Street Health denies that class certification is appropriate for this case.

151. Berry Street Health admits that Plaintiffs purport to reserve the right to modify the purported class definition prior to filing a motion for class certification. Berry Street Health denies that class certification is appropriate for this case.

152. Berry Street Health denies the allegations in Paragraph 152.

153. Berry Street Health denies the allegations in Paragraph 153.

154. Berry Street Health denies the allegations in Paragraph 154.

155. Berry Street Health denies the allegations in Paragraph 155.

156. Berry Street Health denies the allegations in Paragraph 156.

157. Berry Street Health denies the allegations in Paragraph 157.

158. Berry Street Health denies the allegations in Paragraph 158.

159. Berry Street Health denies the allegations in Paragraph 159.

160. Berry Street Health denies the allegations in Paragraph 160.

161. Berry Street Health denies the allegations in Paragraph 161.

162. Berry Street Health denies the allegations in Paragraph 162.

163. Berry Street Health denies the allegations in Paragraph 163.

164. Berry Street Health admits that Plaintiffs purport to reserve the right to modify the purported class definition as this case progresses. Berry Street Health denies that class certification is appropriate for this case.

**COUNT I**
**VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA")**
**18 U.S.C. § 2511 *et seq.***
**UNAUTHORIZED INTERCEPTION, USE, AND DISCLOSURE**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

165. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

166. The allegations in Paragraph 166 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

167. The allegations in Paragraph 167 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

168. The allegations in Paragraph 168 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

169. The allegations in Paragraph 169 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

170. The allegations in Paragraph 170 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

171. The allegations in Paragraph 171 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

172. The allegations in Paragraph 172 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

173. Berry Street Health denies the allegations in Paragraph 173.

174. Berry Street Health denies the allegations in Paragraph 174.

175. Berry Street Health denies the allegations in Paragraph 175.

176. Berry Street Health denies the allegations in Paragraph 176.

177. Berry Street Health denies the allegations in Paragraph 177.

178. Berry Street Health denies the allegations in Paragraph 178.

179. Berry Street Health denies the allegations in Paragraph 179.

180. Berry Street Health denies the allegations in Paragraph 180.

181. The allegations in Paragraph 181 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

182. The allegations in Paragraph 182 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

183. Berry Street Health denies the allegations in Paragraph 183.

184. The allegations in Paragraph 184 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

185. Berry Street Health denies the allegations in Paragraph 185.

186. Berry Street Health denies the allegations in Paragraph 186.

187. Berry Street Health denies the allegations in Paragraph 187.

188. Berry Street Health denies the allegations in Paragraph 188.

189. Berry Street Health denies the allegations in Paragraph 189.

190. Berry Street Health denies the allegations in Paragraph 190.

191. The allegations in Paragraph 191 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

192. Berry Street Health denies the allegations in Paragraph 192.

193. Berry Street Health denies that it has violated any law in any way that would cause it to be liable to Plaintiffs. The remaining allegations in Paragraph 193 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

**COUNT II**
**NEGLIGENCE AND NEGLIGENCE PER SE**
**UNAUTHORIZED INTERCEPTION, USE, AND DISCLOSURE**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

194. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

195. Berry Street Health denies the allegations in Paragraph 195.

196. Berry Street Health denies the allegations in Paragraph 196.

197. Berry Street Health denies the allegations in Paragraph 197.

198. Berry Street Health denies the allegations in Paragraph 198.

199. Berry Street Health denies the allegations in Paragraph 199.

200. Berry Street Health denies the allegations in Paragraph 200.

201. Berry Street Health denies the allegations in Paragraph 201.

202. Berry Street Health denies the allegations in Paragraph 202.

203. Berry Street Health denies the allegations in Paragraph 203.

204. Berry Street Health denies that Plaintiffs and Class Members are entitled to any damages based on the allegations in the Complaint.

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

205. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

206. Berry Street Health denies the allegations in Paragraph 206.

207. Berry Street Health denies the allegations in Paragraph 207.

208. Berry Street Health denies the allegations in Paragraph 208.

209. Berry Street Health denies the allegations in Paragraph 209.

210. Berry Street Health denies the allegations in Paragraph 210.

211. Berry Street Health denies the allegations in Paragraph 211.

**COUNT IV**
**BREACH OF CONFIDENCE**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

212. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Berry Street Health denies the allegations in Paragraph 212.

213. Berry Street Health denies the allegations in Paragraph 213.

214. Berry Street Health denies that it provides healthcare and that its use of the Meta Pixel has caused any harm.

215. Berry Street Health denies the allegations in Paragraph 215.

**COUNT V**
**BREACH OF IMPLIED CONTRACT**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

216. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Berry Street Health denies the allegations in Paragraph 216.

217. Berry Street Health denies the allegations in Paragraph 217.

218. Berry Street Health denies the allegations in Paragraph 218.

219. Berry Street Health denies the allegations in Paragraph 219.

220. Berry Street Health denies the allegations in Paragraph 220.

221. Berry Street Health denies the allegations in Paragraph 221.

**COUNT VI**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

222. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Berry Street Health denies the allegations in Paragraph 222.

223. Berry Street Health denies the allegations in Paragraph 223.

224. Berry Street Health denies the allegations in Paragraph 224.

225. Berry Street Health denies the allegations in Paragraph 225.

226. Berry Street Health denies that Plaintiffs are entitled to relief against Berry Street Health and requests that the Court dismiss all claims against Berry Street Health with prejudice and order such further relief as the Court deems just and proper.

**COUNT VII**
**INVASION OF PRIVACY**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

227. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Berry Street Health denies the allegations in Paragraph 227.

228. Berry Street Health denies the allegations in Paragraph 228.

229. Berry Street Health denies the allegations in Paragraph 229.

230. Berry Street Health denies the allegations in Paragraph 230.

231. Berry Street Health denies the allegations in Paragraph 231.

232. Berry Street Health denies the allegations in Paragraph 232.

233. Berry Street Health denies the allegations in Paragraph 233.

234. Berry Street Health denies the allegations in Paragraph 234.

235. Berry Street Health admits that Plaintiffs seek compensatory damages in the Complaint. Berry Street Health denies that Plaintiffs are entitled to relief against Berry Street Health.

236. Berry Street Health denies the allegations in Paragraph 236.

237. Berry Street Health denies the allegations in Paragraph 237.

238. Berry Street Health admits that Plaintiffs seek injunctive relief in the Complaint. Berry Street Health denies that Plaintiffs are entitled to any injunctive relief against Berry Street Health.

**COUNT VIII**
**VIOLATIONS OF THE FLORIDA SECURITY COMMUNICATIONS ACT**
**Fla. Stat. § 934.01, Et. Seq**
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

239. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

240. The allegations in Paragraph 240 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

241. The allegations in Paragraph 241 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

242. The allegations in Paragraph 242 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

243. The allegations in Paragraph 243 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

244. Berry Street Health denies the allegations in Paragraph 244.

245. Berry Street Health denies the allegations in Paragraph 245.

246. Berry Street Health denies the allegations in Paragraph 246.

247. Berry Street Health denies the allegations in Paragraph 247.

248. Berry Street Health denies the allegations in Paragraph 248.

249. Berry Street Health denies the allegations in Paragraph 249.

250. Berry Street Health denies the allegations in Paragraph 250.

251. The allegations in Paragraph 251 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

252. Berry Street Health denies the allegations in Paragraph 252.

253. Berry Street Health denies the allegations in Paragraph 253.

254. Berry Street Health denies the allegations in Paragraph 254.

255. Berry Street Health admits that Plaintiffs filed the Complaint for relief. Berry Street Health denies that Plaintiffs are entitled to any relief against Berry Street Health.

256. Berry Street Health denies that it has violated any law in any way that would cause it to be liable to Plaintiffs.

**COUNT IX**
**VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT**
**Cal. Penal Code §§ 630, *Et Seq.***
**(On behalf of Plaintiffs and the National Class, or, Alternatively, the Sub-Classes)**

257. Berry Street Health hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

258. The allegations in Paragraph 258 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

259. The allegations in Paragraph 259 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

260. The allegations in Paragraph 260 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

261. Berry Street Health denies the allegations in Paragraph 261.

262. Berry Street Health denies the allegations in Paragraph 262.

263. Berry Street Health denies the allegations in Paragraph 263.

264. Berry Street Health denies the allegations in Paragraph 264.

265. Berry Street Health denies the allegations in Paragraph 265.

266. Berry Street Health denies the allegations in Paragraph 266.

267. Berry Street Health denies the allegations in Paragraph 267.

268. The allegations in Paragraph 268 consist of conclusions of law to which no response is required. To the extent a response is required, Berry Street Health denies them.

269. Berry Street Health denies that it has violated any law in any way that would cause it to be liable to Plaintiffs.

270. Berry Street Health denies that it has violated any law in any way that would cause it to be liable to Plaintiffs.

271. Berry Street Health denies that it has violated any law in any way that would cause it to be liable to Plaintiffs.

## PRAYER FOR RELIEF

Berry Street Health responds to the Prayer for Relief as follows: Berry Street Health denies that Plaintiffs are entitled to relief against Berry Street Health and requests that the Court dismiss all claims against Berry Street Health with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR JURY

Berry Street Health admits that Plaintiffs purport to demand a jury trial of all issues so triable in the Complaint.

## GENERAL DENIAL

Unless expressly admitted above, Berry Street Health denies each and every allegation set forth in Plaintiffs' Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Berry Street Health further pleads the following separate and additional defenses to the Complaint. By pleading these defenses, Berry Street Health does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that is liable for any claims against it.

### FIRST DEFENSE
### (Standing)

Plaintiffs and/or the purported class members lack standing under Article III of the United States Constitution and/or the statutes under which they bring their claims.

### SECOND DEFENSE
### (Failure to State a Claim)

Each purported cause of action in the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Berry Street Health.

**THIRD DEFENSE**
**(Failure to Mitigate Damages)**

For each purported cause of action, Plaintiffs and/or the purported class members have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**FOURTH DEFENSE**
**(Comparative Fault and Contribution)**

Plaintiffs and/or the purported class members are in whole or in part responsible for and contributed to the creation and transmission of the data and alleged wrongs alleged in the Complaint. Any recovery to which Plaintiffs and/or the purported class members may be entitled must be reduced by their comparative responsibility and obligations of contribution which, further, must act as a setoff against any recovery on Plaintiffs' and/or the purported classes' behalf.

**FIFTH DEFENSE**
**(No Injunctive Relief)**

For each purported cause of action in the Complaint, Plaintiffs and/or the purported class members fail to properly state a claim for injunctive relief.

**SIXTH DEFENSE**
**(No Damages)**

Plaintiffs and/or the purported class members have not suffered any injury or damages whatsoever.

**SEVENTH DEFENSE**
**(No Punitive Damages)**

To the extent Plaintiffs and/or the purported class members recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**EIGHTH DEFENSE**
**(No Equitable Relief)**

Plaintiffs and/or the purported class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**NINTH DEFENSE**
**(Waiver or Estoppel)**

Each cause of action contained in the Complaint are barred because Plaintiffs and/or the purported class members waived the claims they now assert or are estopped by their conduct from asserting such claims.

**TENTH DEFENSE**
**(Consent / Acquiescence)**

Plaintiffs' and/or the purported class members' express or implied consent or acquiescence to the recording and transmission of their interactions with the Berry Street Health Website bars them from bringing their claims.

**ELEVENTH DEFENSE**
**(Intervening, Superseding, or Primary Cause)**

Plaintiffs' and/or the purported class members' damages, if any, were caused by superseding or intervening causes, including (but not limited to) the creation of a Berry Street Health account, creation of a Facebook account, and

use of Berry Street Health's Website, either by Plaintiffs and/or the purported class members, or other members of their household, or other factors for which Berry Street Health is not responsible, and thus any alleged wrongdoing was not actually or proximately caused by Berry Street Health.

**TWELFTH DEFENSE**
**(No Expectation of Privacy, Confidentiality, or Secrecy)**

Each purported cause of action in the Complaint is barred because Plaintiffs and/or the purported class members did not have a reasonable expectation of privacy, had an objectively reasonable basis to believe that their interactions on the Berry Street Health Website might be recorded, were not recorded in secret, and/or did not have a reasonable basis to believe their interactions were confidential, including because Berry Street Health advised and disclosed to customers and the public its website technology.

**THIRTEENTH DEFENSE**
**(Class Cannot be Certified)**

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**FOURTEENTH DEFENSE**
**(Statute of Limitations)**

Each purported cause of action in the Complaint is barred in whole or in part by the applicable statute of limitations.

**FIFTEENTH DEFENSE**
**(Laches)**

Berry Street Health alleges that Plaintiffs and/or the purported class members have waited an unreasonably long time to file this lawsuit and that Berry Street Health's ability to defend the lawsuit has been prejudiced as a result.

**SIXTEENTH DEFENSE**
**(Due Process)**

Each purported claim in the Complaint, and the relief it seeks including excessive statutory and/or punitive damages, is barred to the extent that they violate due process under the United States Constitution or applicable state constitutions.

**SEVENTEENTH DEFENSE**
**(Contributory Negligence)**

The Complaint and its claims are barred, in whole or in part, as a result of Plaintiffs' and/or the purported class members' contributory negligence in causing the harms, if any, they have allegedly suffered.

**EIGHTEENTH DEFENSE**
**(Barred by Contract)**

The Complaint and its claims are barred, in whole or in part, by contracts and/or agreements entered into with Berry Street Health, Meta, or health care providers.

**NINETEENTH DEFENSE**
**(Party to Communications)**

The Complaint and its claims are barred, in whole or in part, because Berry Street Health and/or Meta was a party to any and all communications at issue, and therefore no actionable interception occurred.

**TWENTIETH DEFENSE**
**(Unconstitutional Aggregation of Statutory Damages)**

Any aggregation of statutory damages should be barred or should otherwise be limited because imposition of aggregated statutory damages would constitute an excessive fine or penalty under the Eighth Amendment to the Unites States Constitution and Article 1, Section 17 of the California Constitution.

**TWENTY-FIRST DEFENSE**
**(Jurisdiction)**

This Court lacks jurisdiction over these claims because Berry Street Health's terms of service mandate that the parties arbitrate such disputes. To the extent that any claims may be litigated, this Court lacks jurisdiction also because Berry Street Health's terms of service mandate that any case must be brought in the Southern District of New York.

**TWENTY-SECOND DEFENSE**
**(Choice of Law)**

Berry Street Health's terms of service mandate that only the Federal Arbitration Act, federal arbitration law, and New York law may apply to

disputes between Berry Street Health and its website users, so Plaintiffs' and/or the purported class members' claims arising under other laws are prohibited by contract.

## RESERVATION OF ADDITIONAL DEFENSES

Berry Street Health does not presently know all facts concerning the conduct and claims of Plaintiffs and/or the purported class members sufficient to state all affirmative defenses at this time. Berry Street Health will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses. Berry Street Health reserves any and all additional affirmative defenses available to it.

## DEMAND FOR JURY TRIAL

Berry Street Health demands trial by jury on each purported claim for relief, cause of action, and affirmative defense at issue herein.

## BERRY STREET HEALTH'S PRAYER FOR RELIEF

WHEREFORE, Berry Street Health prays for judgment with respect to Plaintiffs' Complaint and Berry Street Health's defenses as follows:

a. Denial of certification of the purported class or subclasses alleged in the Complaint;

b. A judgment in Berry Street Health's favor denying Plaintiffs all relief requested in the Complaint and dismissing the Complaint with prejudice;

c. For an award of costs to Berry Street Health; and

d. Such other relief as the Court shall deem just and proper.

Dated: May 27, 2026

Respectfully submitted,

*/s/ Paul McDermott*

Paul McDermott | FBN 855901
Charles Wachter | FBN 509418
HOLLAND & KNIGHT LLP
100 North Tampa St., Suite 4100
Tampa, FL 33602
Tel: 813-227-8500/Fax: 813-229-0134
Email: paul.mcdermott@hklaw.com
Email: charles.wachter@hklaw.com
Secondary: samantha.powell@hklaw.com
-and-
Tyler Newby | PHV forthcoming
Molly Melcher | *admitted pro hac vice*
FENWICK & WEST LLP
One Front Street, Floors 31-33
San Francisco, California 94111
Tel: 415-875-2300
Email: tnewby@fenwick.com
Email: mmelcher@fenwick.com
*Attorneys for Berry Street Health, Inc.*